J-S33017-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHAWN SAUNDERS, | : | |
| | : | |
| Appellant | : | No. 3383 EDA 2014 |

Appeal from the Order entered November 20, 2014,
Court of Common Pleas, Delaware County,
Criminal Division at No. CP-23-CR-0001537-2000

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE and LAZARUS, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED JUNE 8, 2015**

Appellant, Shawn Saunders ("Saunders"), appeals from the order dated November 20, 2014, denying his "Motion for Facts Relevant to Sentence" (hereinafter, the "Motion for Facts") as an untimely petition for relief pursuant to the Post Conviction Relief Act, 42 Pa. C.S.A. §§ 9541-46 ("PCRA").  For the reasons that follow, we affirm.

On March 5, 2001, a jury found Saunders guilty of murder in the second degree, 18 Pa. C.S.A. § 2502(b), robbery, 18 Pa. C.S.A. § 3701, illegal possession of a firearm without a license, 18 Pa. C.S.A. § 6106, and conspiracy, 18 Pa. C.S.A. § 903.  The trial court sentenced him to life imprisonment.  On August 27, 2002, this Court affirmed his judgment of sentence, and on December 2, 2003, our Supreme Court denied his petition

for allowance of appeal. Since that time, Saunders has filed three petitions for relief under the PCRA, all of which have been unsuccessful.

On November 13, 2014, Saunders filed a "Motion for Facts Relevant to Sentence," in which he requests to be advised "in writing as to what sentencing authorities and statutory authorization that was employed by the Court to impose the sentence(s) and sentencing conditions upon Defendant." Motion for Facts, 11/13/2014, ¶ 19. In so demanding, Saunders goes to some length in arguing that his request is "wholly outside of the PCRA," particularly since the PCRA only provides for challenges to sentencing where the imposition of sentence is greater than the lawful maximum. *Id.* ¶¶ 4-7. In the Motion for Facts, Saunders insists that he wants to make it "abundantly clear that he is not currently challenging the legality of the sentence and sentencing conditions imposed on him because … [he] has not been provided with enough information to adequately determine if his detention is illegal." *Id.* ¶ 17.

The trial court concluded that the Motion for Facts was "an untimely PCRA petition dressed up to look like something else." Trial Court Opinion, 1/22/2015, at 3. The trial court determined that the Motion for Facts was a challenge to the legality of his sentence, and that the PCRA is the exclusive remedy for such a challenge. *Id.* at 2-3. Because the Motion for Facts was filed well beyond the one-year time bar pursuant to section 9545(b), the

trial court denied it as being untimely filed. Trial Court Order, 11/20/2014, at 1.

On appeal, Saunders contends that the trial court erred in treating his Motion for Facts as an untimely PCRA petition because his request for answers to questions regarding his sentence falls outside of the PCRA, and that his constitutional right to due process entitles him to be "properly informed on exactly what statute(s) authorized the Court to impose the sentence(s) and sentencing condition(s)." Saunders' Brief at 4. Our standard of review from the denial of PCRA relief is to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Commonwealth v. Gacobano*, 65 A.3d 416, 419 (Pa. Super. 2013) (quoting *Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa. Super. 2012)).

We cannot conclude that the trial court erred in treating Saunders' Motion for Facts as a thinly disguised attack on the legality of his sentence. Claims contending that Pennsylvania courts lack the statutory authority to sentence are frequently leveled in PCRA petitions, although most of the time they are untimely and thereby preclude merits review. *See, e.g.*, *Commonwealth v. Taylor*, 933 A.2d 1035, 1037-1038 (Pa. Super. 2007). We note, however, that in a recent decision, *Commonwealth v. Stultz*, 2015 PA Super 99 (Pa. Super. May 1, 2015), a panel of this Court thoroughly debunked a series of these claims, including the lack of a savings clause in the 1968 Pennsylvania Constitution, the absence of an express

state constitutional provision providing authority to enact a state crimes code, the lack of authorization for the adoption of criminal rules of procedure and rules of evidence, and the lack of an enacting clause for Pennsylvania's criminal statutes.

In addition, while Saunders claims that he is not formally challenging the legality of his sentence[1] in the Motion for Facts, in paragraphs 14 and 15 he essentially does so. Specifically, Saunders points out that "the sentence imposed on the sentencing Order for 'Possession of a Firearm without a license' is inconsistent with the sentence imposed during the sentencing hearing for the same offense. Motion for Facts, 11/13/2014, ¶ 14. As a result, Saunders argues that the sentencing order "is void of any statute on its face that would authorize the imposed sentences," and that this discrepancy "raises(s) immediate questions of merit concerning the sentencing court's true intentions, as well as the matter of "Statutory Authorization." *Id.* ¶ 15.

This Court has "repeatedly held that ... any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." *Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011) (quoting

---

[1] Although illegality of sentence claims are technically not waivable, this Court may not consider them without a jurisdictional basis to do so. As we indicated in *Commonwealth v. Seskey*, 86 A.3d 237 (Pa. Super. 2014), "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised ... in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." *Id.* at 242.

*Commonwealth v. Johnson*, 803 A.2d 1291, 1293 (Pa. Super. 2002)). In the Motion for Facts, Saunders is, implicitly, challenging the legality of his sentence, and the PCRA plainly provides for relief for "persons serving illegal sentences." 42 Pa. C.S.A. § 9542; *see Commonwealth v. Peterkin*, 722 A.2d 638, 640–41 (Pa. 1998) (statutory remedy not available where claim is cognizable under PCRA); *Commonwealth v. Hockenberry*, 689 A.2d 283, 288 (Pa. Super. 1997) (legality of sentence is a cognizable issue under the PCRA). The PCRA provides that it "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose...." 42 Pa. C.S.A. § 9542. Therefore, the trial court did not err in treating Saunders' Motion for Facts as a petition for relief under the PCRA.

Even if we were to treat the Motion for Facts in the way that Saunders insists, namely as a petition only seeking information and not in any respect challenging the legality of his sentence, we would still affirm the trial court's order denying it.[2] Saunders has not referred either the trial court or this Court to any authority suggesting that a criminal defendant may, at any point in time whatsoever, demand that a court provide him with information regarding the statutory basis for his incarceration (or, frankly, with the answers to any other questions). This Court is unaware of the existence of

---

[2] This Court may affirm the trial court's decision on any basis. *See, e.g.*, *Prieto Corp. v. Gambone Const. Co.*, 100 A.3d 602, 606 (Pa. Super. 2014).

any such authority, whether in connection with the right to due process under the constitutions of Pennsylvania and the United States or otherwise, that would provide Saunders with any basis to demand answers to the inquiries set forth in the Motion for Facts.  As a result, even if it should not have been treated as an untimely PCRA petition, the trial court did not err in dismissing it.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/2015